filed more than three years after the complained-of conduct, Long alleged Dr. Asemota deliberately delayed performing surgery on Long after a stabbing incident. Upon our de novo review, we agree with the district court not only that Long's claim against Dr. Asemota was time-barred, *see Ketchum v. City of W. Memphis,* 974 F.2d 81, 82 (8th Cir.1992) (§ 1983 claims are governed by general personal-injury statute of limitation of state in which they accrued; in Arkansas, limitations period is 3 years); Fed.R.Civ.P. 15(c)(3) (relation back of amendment changing party); but also that Long failed to rebut Dr. Asemota's evidence that he did not know of Long's condition prior to the doctor's arrival in surgery, *see Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir.1997). Long's remaining arguments are either meritless, or are being raised for the first time on appeal. *See Stuart v. Gen. Motors Corp.,* 217 F.3d 621, 630 (8th Cir.2000) (refusal to compel discovery); *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir.1998) (denial of request for appointed counsel); *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (declining to address argument first raised on appeal).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We deny all pending motions.

No. 00–3152.

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 2001.

Decided April 10, 2001.

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Albert Reece appeals from the district court's [1] dismissal of his 42 U.S.C. § 1983

**Albert REECE, Appellant,**

v.

**Robert KNOWLS, Doctor; Michael Cherazard, Doctor; Ashkok R. Mallya, Doctor, Appellees.**

1. The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

complaint, wherein he alleged that he lost sight in his left eye as a result of defendants' prescribing him medication which they should have known would cause him to lose his eyesight. We conclude dismissal was proper, because medical negligence is not enough to maintain a section 1983 action. *See Estelle v. Gamble,* 429 U.S. 97, 106–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Accordingly, we affirm. *See* 8th Cir. R. 47B.

UNITED STATES of America,
Appellee,

v.

Coolidge Lee DURHAM, Appellant.

No. 00–2144.

United States Court of Appeals,
Eighth Circuit.

Submitted April 5, 2001.

Decided April 10, 2001.